1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Nazareth M. Haysbert.  State Bar No. 294431
  *nazareth@hmlaw.la*
James L. Moultrie, III. State Bar No. 296805
**HAYSBERT | MOULTRIE, LLP**
4640 Admiralty Way, Suite 500,
Marina Del Rey, CA 90292
Telephone:   (310) 496-5796
Facsimile:    (310) 760-4083

*Attorneys for Plaintiff Cherie Townsend*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CHERIE TOWNSEND, an individual

Plaintiff,

v.

CHRISTOPHER DERRY, an
individual; COUNTY OF LOS
ANGELES, a Governmental Entity

Defendants.

CASE NO.

**COMPLAINT FOR DAMAGES:**

**CIVIL RIGHTS VIOLATIONS
PURSUANT TO 42 U.S.C. § 1983**
1. Retaliation;
2. Judicial Deception;
3. Unlawful Search and Seizure;
4. Violation of Substantive Due Process;
5. Defamation-Plus;
6. Equal Protection;
7. *Monell* Liability;

**STATE LAW CLAIMS**
8. Bane Act Violation;
9. Intentional Infliction of Emotional Distress;
10. Defamation.

**DEMAND FOR JURY TRIAL**

CHERIE TOWNSEND, an individual ("Plaintiff" or "Ms. Townsend") by and through her undersigned counsel hereby demands a trial by jury and alleges the following against Defendants CHRISTOPHER DERRY, an individual ("Derry"), and

1   the COUNTY OF LOS ANGELES, a government entity ("County"), on information and
2   belief except for information identified as being based on personal knowledge, which
3   allegations are likely to have evidentiary support after a reasonable opportunity for
4   further discovery.

## I.

## INTRODUCTION

After being publicly accused of a brutal murder that she did not commit, Ms. Townsend was forced to bring a lawsuit against the County of Los Angeles and its agents and employees on November 29, 2018. County of Los Angeles and its agents and employees still refuse to exonerate her or apologize for their actions after she was released without charges or restrictions and based on the District Attorney's determination that there wasn't enough evidence to prosecute her.  More than two years later, twenty-six (26) months after her release pending "further investigation," no charges have been filed against Ms. Townsend, no other person has been arrested for the brutal murder, the Los Angeles County Sheriff's Department ("LASD") still claims they have not ruled out Ms. Townsend as a suspect, and there has been no official update on the investigation since October 1, 2018.

As the LASD's "ongoing investigation" appeared to be stalling and with Ms. Townsend's lawsuit pending, Detective Christopher Derry secretly obtained a search warrant for Ms. Townsend's Facebook records on June 24, 2019, by claiming that there was a warrant for her arrest.  This unidentified arrest warrant has never been found or obtained, despite Plaintiff's best efforts, was not produced by Derry as an exhibit to the search warrant, and notice of Derry's search warrant was impermissibly delayed, beyond that allowed by law, and conveniently beyond Ms. Townsend's deadline to amend her lawsuit to add a retaliation claim.

Upon information and belief, Defendant Derry presented false evidence to a judicial officer in order to obtain information that the LASD believed would show Ms. Townsend's culpability for the 2018 murder. However, they were unsuccessful and have

instead continued their campaign of concealing all evidence of wrongdoing merely by stating that their investigation is "ongoing" and by presenting other criminal charges against Ms. Townsend in retaliation for her decision to sue the County of Los Angeles and its agents and employees. In other words, Defendants have used their inability to charge Ms. Townsend with any criminal activity related to the brutal murder as a weapon to violate her civil rights in other retaliatory ways without having to reveal their misconduct.

## II.

## JURISDICTION AND VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction to hear Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because the events, injuries, and violations of rights alleged herein occurred within the County of Los Angeles, California, which is within this district, and because some, if not all, of the Defendants reside within the County of Los Angeles and the jurisdictional boundaries of this Court.

3.      Prior to the commencement of this action, Plaintiff timely filed a claim for money damages with the County of Los Angeles as required by the California Government Code. County rejected Plaintiff's claim on September 9, 2020. As such, Plaintiff has timely complied with the claims presentment requirements of the California Government Code and timely institutes the present lawsuit.

## III.

## PARTIES

4.      Plaintiff Cherie Townsend is, and at all times material herein was, a citizen of the United States, residing in Los Angeles County, California.

5.     At all times herein mentioned, Plaintiff is informed and believes, and thereon alleges that Defendant Christopher Derry ("Derry") was a resident of the County of Los Angeles and was a Detective with the Los Angeles County Sheriff's Department ("LASD").  At all times relevant hereto Defendant Derry was acting within the course and scope of his employment as a Detective of the LASD, a department and subdivision of Defendant County of Los Angeles.  At all times relevant herein, Defendant Derry was acting under color of law, under the color of statutes, ordinances, regulations, policies, customs, practices, and usages of Defendant County of Los Angeles, the LASD, and/or the State of California.

6.     At all times herein mentioned, Defendant County of Los Angeles ("County") was a public entity and a municipal corporation duly organized and existing under and by virtue of the laws of the State of California.  Defendant County of Los Angeles is liable for the tortious conduct of its employees as to state law causes of action pursuant to California Government Code § 815.2.

**IV.**

**FACTS COMMON TO ALL CAUSES OF ACTION**

7.     Plaintiffs hereby reallege and incorporate by this reference the allegations contained in all paragraphs above as though fully set forth herein.

8.     On May 3, 2018, a brutal, daylight murder took place at a shopping mall in the affluent City of Rolling Hills Estates.

9.     Ms. Townsend was arrested at gunpoint on May 16, 2018, and on May 18, 2018, the LASD—serving as law enforcement for the City of Rolling Hills Estates—held a press conference to announce that Ms. Townsend had been arrested for the murder and that the community could feel safe.

10.     However, despite labeling Ms. Townsend as a murderer to the public to quell fears and civil unrest, Ms. Townsend was released from custody on May 22, 2018, after the Los Angeles County District Attorney's Office declined to press charges.

11.    Despite being released without restrictions, Ms. Townsend has been forced to carry the burden of being publicly labeled a murderer, including across social media, all of which has continued to adversely affect and traumatize Ms. Townsend and her family in all aspects of life.

12.    On October 1, 2018, after failing to receive an apology or an admission of wrongdoing from the County with respect to her arrest, Ms. Townsend filed a government claim with the County of Los Angeles and participated in a press conference in which she courageously announced her innocence and expressed her intention to seek civil damages against the County.

13.    The County began its campaign of retaliation against Ms. Townsend almost immediately.

14.    Less than one month later, on October 23, 2018, Defendant Christopher Derry, a Deputy Sheriff of the County of Los Angeles Sheriff's Department, allegedly received an unsolicited phone call from a financial fraud investigator with BBVA Compass Bank requesting that Defendant Derry open an investigation into Plaintiff due to several "bad checks" drawn on her account with the bank.

15.    On November 2, 2018, after Ms. Townsend had announced her contemplated lawsuit but weeks before filing her complaint, Defendant County of Los Angeles, through Defendant Derry, opened an investigation into Ms. Townsend  which appeared to be "unrelated" to the above-referenced murder.

16.    On November 29, 2018, while Defendant Derry's investigation was underway, Ms. Townsend filed suit against the County of Los Angeles and several other involved parties for damages related to the County's false accusations against her related to the Rolling Hills murder.

17.    On March 20, 2019, Ms. Townsend's action was stayed for six months based on the County of Los Angeles' representation that six months would be necessary to "conclude" their "active and ongoing investigation" into the brutal murder.

18. Shortly thereafter, on or about April 4, 2019, Detective Christopher Derry of the LASD sent one letter to Ms. Townsend's residence asking her to call him regarding an "investigation" in which she was allegedly "directly involved."

19. One week later, on April 11, 2019, Derry sent one email to Ms. Townsend, repeating the assertions of the letter and asking her to call him for more information.

20. Less than a week later, on April 16, 2019, Plaintiffs' Counsel sent a letter to counsel for the County of Los Angeles, and to Derry on April 17, 2019, admonishing them for making direct contact with a known represented party, and to communicate with Ms. Townsend through Counsel.

21. Plaintiffs' Counsel received no other communication or response to those letters.

22. On or about June 24, 2019, at approximately 10:59 a.m., Derry obtained a Search Warrant for records and information relating to Plaintiff Townsend's personal Facebook account from a Magistrate Judge of the Southeast Judicial District, Superior Court of California, County of Los Angeles.

23. Notice of this warrant was not provided to Ms. Townsend until January 21, 2020.

24. The Search Warrant (SW No. 19179) commanded Facebook to provide "Any and all postings, photos, videos, comment, private messaging, friend requests from 12:01 A.M. PST on June 1, 2019 to 11:59 P.M. PST on June 24, 2019," in addition to "Any and all Subscriber Information to include the subscriber's names, IP address session logs, addresses, phone numbers, email addresses, friend lists, postings, photos, videos" during the same time frame to Derry.

25. As justification for issuance of the Search Warrant, Derry indicated that "there is a warrant for the person's arrest."

26. No information was provided regarding the arrest warrant. No arrest warrant was attached to the Search Warrant.

27. Upon information and belief, this arrest warrant never actually existed.

28.     The notice and attached warrant did not contain a copy of the information seized or a summary of that information, such as the number and types of records.

29.     The notice and attached warrant additionally did not contain a statement of the Court's grounds for determination that notice of the warrant should be delayed.

30.     Upon information and belief, the Search Warrant was obtained for the improper purpose of seeking and obtaining information which would be used against Ms. Townsend in her civil lawsuit filed on November 29, 2018 and as retaliation for Ms. Townsend's public announcement of her contemplated lawsuit against the County on October 1, 2018, which prompted Defendant Derry's investigation.

31.     After notifying the County of her intentions to supplement her claims to add Derry as a Defendant, Ms. Townsend received an "updated" Notice of Execution of Electronic Communication Search Warrant on March 18, 2020 ("March Notice"), which again did not contain any description of the purported arrest warrant and did not contain a legally sufficient summary of information received. Rather, the March Notice alleged that the court found there was reason to believe that notification of the existence of the warrant would lead to flight from prosecution, destruction/tampering with evidence, or jeopardize the investigation, but gave no reason for that determination or order from the Court in support.

32.     Further, counsel for the County of Los Angeles in Ms. Townsend's prior lawsuit alleged upon information and belief that Derry had obtained two orders allowing for delay in notification for 90 days (180 days total), which would place the time to notify Ms. Townsend of the search warrant at mid-December.

33.     Ms. Townsend's deadline to amend her complaint filed on November 29, 2018 to add parties and claims expired on January 1, 2020.

34.     Without justification or explanation, Derry withheld notice of the search warrant for an additional 31 days beyond that which was allowed by the Court, preventing Ms. Townsend from amending her complaint to add Derry as a Defendant.

35.     On July 21, 2020, Ms. Townsend filed a government claim with Defendant County seeking civil damages for Defendant Derry's retaliatory investigation.

36.     Shortly thereafter, on or about August 12, 2020, criminal charges were filed against Ms. Townsend in the "unrelated case" investigated by Defendant Derry.

37.     Upon information and belief, the criminal charges constituted retaliation against Ms. Townsend for pursuing her constitutional right to redress her grievances against the County of Los Angeles and its officers through the courts of the United States.

## V.

## FIRST CAUSE OF ACTION

## RETALIATION

### *(Plaintiff as against all Defendants)*

38.     Plaintiff Townsend hereby realleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

39.     Under the First Amendment to the United States Constitution, Plaintiff has the right to be free from governmental action taken to retaliate against her for exercising her First Amendment rights or to deter her from exercising those rights in the future.

40.     Plaintiff's constitutionally-protected First Amendment rights include the right to access the courts of the United States to redress constitutional violations by state and local governments.

41.     In retaliation for announcing her lawsuit against the County on October 1, 2018, Defendants caused to be initiated a criminal investigation of Plaintiff on or before November 2, 2018 which appeared to be "unrelated" to the murder for which Plaintiff was falsely accused and arrested, circumstances serving as the basis for her separately pending lawsuit.

42.     Plaintiff filed a lawsuit against the County of Los Angeles and several other parties for false accusations of murder on November 29, 2018.

COMPLAINT

43.     Defendants' criminal investigation was designed to chill Plaintiff from continuing to prosecute her lawsuit, obstruct her prosecution of the lawsuit, or otherwise retaliate against her for the maintaining the lawsuit.

44.     Defendants' criminal investigation would chill a person of ordinary firmness from continuing to prosecute her lawsuit as the threat of adverse criminal consequences would persuade one to refrain from prosecuting the lawsuit.

45.     Plaintiff's separate lawsuit was a substantial and motivating factor in continuing the criminal investigation since Defendant County would be able to use information gained through the investigation against Plaintiff in her lawsuit, thus subjecting her to a severe informational disadvantage.

46.     Defendant's investigation was also designed to intimidate Plaintiff and coerce her into dismissing the lawsuit or achieving a resolution favorable to Defendant County and the individual defendants named in her separate lawsuit.

## VI.

## SECOND CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS: JUDICIAL DECEPTION

### *(Plaintiff as against Defendant Derry)*

47.     Plaintiff Townsend hereby realleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

48.     At all times material herein, Defendant Derry acted under color of state law.

49.     At all times herein mentioned, Plaintiff Townsend had the Fourth Amendment right to be free from searches and seizures executed pursuant to an invalid warrant.

50.     As alleged herein, Defendant Derry's warrant affidavit contained misrepresentations or omissions material to the finding of probable cause, including the misrepresentation that there was a warrant for Plaintiff Townsend's arrest.

51.     As alleged herein, Detective Derry's warrant affidavit contains no other evidence which would be sufficient to support a finding of probable cause.

1  52.   Upon information and belief, Defendant Derry deliberately or recklessly
2  applied for the Search Warrant using a false statement.

3  53.   Additionally, Defendant Derry did not comply with the requirements of
4  Penal Code § 1546.2 in the Notice of Search Warrant.

5  54.   Defendant Derry's search and seizure based on a warrant containing
6  materially false representations violated Plaintiff Townsend's rights.

7  55.   Defendant Derry subjected Plaintiff Townsend to the aforementioned
8  deprivations with either malice, deliberate indifference, or reckless disregard for
9  Plaintiff's rights under the United States Constitution.

10  56.   As a direct and proximate result of the aforementioned acts of Defendant
11  Derry, Plaintiff Townsend suffered the violation of her Constitutional rights as described
12  above. Furthermore, Plaintiff Townsend has sustained severe emotional and
13  psychological injuries, including permanent and severe mental and emotional distress,
14  humiliation, physical distress, inconvenience, mental anguish, pain and suffering, loss
15  of enjoyment of life, loss of bodily and neurological functioning, deprivation of
16  property, and civil rights violations. The amount of damages suffered by Plaintiff will
17  be subject to proof at the time of trial and exceeds the minimum jurisdictional amount
18  of this Court.

19  57.   The aforementioned acts of Defendant Derry were willful, wanton,
20  malicious, and oppressive, thereby justifying the awarding of exemplary and punitive
21  damages.

22  **VII.**
23  **THIRD CAUSE OF ACTION**
24  **VIOLATION OF CIVIL RIGHTS: UNLAWFUL SEARCH AND SEIZURE**
25  ***(Plaintiff as against Defendant Derry)***

26  58.   Plaintiff Townsend hereby realleges and incorporates by this reference the
27  allegations contained in all paragraphs above as though fully set forth herein.

28  59.   At all times material herein, Defendant Derry acted under color of state law.

60.     As described herein above, Defendant Derry violated Plaintiff's Fourth Amendment rights by intentionally causing her electronic records to be searched and seized without probable cause.

61.     While Defendant Derry purported to act under the authority of a warrant to demonstrate that the search and seizure was "reasonable," Defendant Derry obtained the warrant by presenting false information that there was a warrant for Ms. Townsend's arrest.

62.     As such, Derry's search warrant was procured by invalid means known to Derry, rendering the search and seizure unreasonable due to the invalidity of the search warrant.

63.     Defendant Derry subjected Plaintiff Townsend to the aforementioned deprivations with either malice, deliberate indifference, or reckless disregard for Plaintiff's rights under the United States Constitution.

64.     As a direct and proximate result of the aforementioned acts of Defendant Derry, Plaintiff Townsend suffered the violations of her Constitutional rights as described above. Furthermore, Plaintiff Townsend has sustained severe emotional and psychological injuries including permanent and severe mental and emotional distress, humiliation, physical distress, inconvenience, mental anguish, pain and suffering, loss of enjoyment of life, loss of bodily and neurological functioning, deprivation of property, and civil rights violations. The amount of damages suffered by Plaintiff Townsend will be subject to proof at the time of trial and exceeds the minimum jurisdictional amount of this Court.

65.     The aforementioned acts of Defendant Derry were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages.

///

///

///

# VIII.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS: SUBSTANTIVE DUE PROCESS

### *(Plaintiff as against Defendant Derry)*

66.    Plaintiff Townsend hereby realleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

67.    At all times material herein, Defendant Derry acted under color of state law.

68.    As described herein above, Defendant Derry violated Plaintiff's Fourteenth Amendment rights by depriving her of her guaranteed liberty interest in her personal property and information.

69.    Defendant Derry subjected Plaintiff Townsend to the aforementioned deprivations with either malice, deliberate indifference, or reckless disregard for Plaintiff's rights under the United States Constitution.

70.    As a direct and proximate result of the aforementioned acts of Defendant Derry, Plaintiff Townsend suffered the violation of her Constitutional rights as described above. Furthermore, Plaintiff Townsend has sustained severe emotional and psychological injuries, including permanent and severe mental and emotional distress, humiliation, physical distress, inconvenience, mental anguish, pain and suffering, loss of enjoyment of life, loss of bodily and neurological functioning, deprivation of property, and civil rights violations. The amount of damages suffered by Plaintiff will be subject to proof at the time of trial and exceeds the minimum jurisdictional amount of this Court.

71.    The aforementioned acts of Defendant Derry were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages.

///

///

///

COMPLAINT

# IX.

## FIFTH CAUSE OF ACTION

## DEFAMATION-PLUS

### *(Plaintiff as against Defendant Derry)*

72.     Plaintiff Townsend hereby realleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

73.     At all times material herein, Defendant Derry acted under color of state law.

74.     As described herein above, Defendant Derry violated Plaintiff's Fourteenth Amendment rights by making false and defamatory statements that there was a warrant for her arrest in connection with deprivations of her federally protected rights.

75.     Defendant Derry subjected Plaintiff Townsend to the aforementioned deprivations with either malice, deliberate indifference, or reckless disregard for Plaintiff's rights under the United States Constitution.

76.     As a direct and proximate result of the aforementioned acts of Defendant Derry, Plaintiff suffered damage to her reputation in addition to the violation of her Constitutional rights as described above. Furthermore, Plaintiff has sustained severe emotional and psychological injuries, including permanent and severe mental and emotional distress, humiliation, physical distress, inconvenience, mental anguish, pain and suffering, loss of enjoyment of life, loss of bodily and neurological functioning, deprivation of property, and civil rights violations. The amount of damages suffered by Plaintiff Townsend will be subject to proof at the time of trial and exceeds the minimum jurisdictional amount of this Court.

77.     The aforementioned acts of Defendant Derry were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages.

///

///

///

# X.

## SIXTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS: EQUAL PROTECTION

### *(Plaintiff as against Defendant Derry)*

78.     Plaintiff Townsend hereby realleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

79.     At all times material herein, Defendant Derry acted under color of state law.

80.     As described herein above, Defendant Derry violated Plaintiff's Fourteenth Amendment rights by depriving her of her guaranteed liberty interest in her personal property and information.

81.     Defendant Derry subjected Plaintiff Townsend to the aforementioned deprivations with either malice, deliberate indifference, or reckless disregard for Plaintiff's rights under the United States Constitution.

82.     As a direct and proximate result of the aforementioned acts of Defendant Derry, Plaintiff Townsend suffered the violation of her Constitutional rights as described above. Furthermore, Plaintiff Townsend has sustained severe emotional and psychological injuries, including permanent and severe mental and emotional distress, humiliation, physical distress, inconvenience, mental anguish, pain and suffering, loss of enjoyment of life, loss of bodily and neurological functioning, deprivation of property, and civil rights violations. The amount of damages suffered by Plaintiff will be subject to proof at the time of trial and exceeds the minimum jurisdictional amount of this Court.

83.     The aforementioned acts of Defendant Derry were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages.

///

///

///

# XI.

## SEVENTH CAUSE OF ACTION

### *MONELL* LIABILITY

***(Plaintiff as against Defendant County of Los Angeles)***

84.     Plaintiff Townsend hereby realleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

85.     The aforementioned acts of Defendant Derry deprived Plaintiff of her rights under the Fourth and Fourteenth Amendments of the United States Constitution.

86.     At all times material herein, Defendant Derry acted under color of state law.

87.     Defendant County had final policymaking authority through its authorized representatives or agents acting under color of state law to act upon the tortious actions and inactions of Defendant Derry as described above.

88.     Defendant County ratified Defendant Derry's actions by failing to discipline him for his conduct.

89.     Defendant County has been on notice of Defendant Derry's actions since at least January 30, 2020, when Plaintiff's Counsel initially contacted counsel for the County of Los Angeles in Ms. Townsend's separate lawsuit regarding the search warrant.

90.     Rather than discipline, reprimand, or train Defendant Derry, County of Los Angeles defended his actions through their counsel in Ms. Townsend's separate lawsuit, speaking on Defendant Derry's behalf while still refusing to provide Ms. Townsend with supporting justification for the search warrant under the guise of an "ongoing investigation."

///

///

///

///

///

# XII.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF BANE ACT – Cal. Civ. Code § 52.1

### (*Plaintiff as against all Defendants*)

91.     Plaintiff Townsend hereby realleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

92.     As alleged herein, Defendant Derry interfered by threats, intimidation, or coercion with Plaintiff's rights under state and federal laws and under the state and federal Constitution, including without limitation, her rights under the Fourth and Fourteenth Amendments of the United States Constitution, her rights under California Civil Code section 44, and other rights granted under the laws of the State of California set forth below.

93.     Defendant Derry's conduct exceeded beyond the threats, intimidation, or coercion inherent in conducting a typical investigation.

94.     As a result of the aforementioned conduct, Defendant Derry is liable for Plaintiff Townsend's injuries.

95.     As a direct and legal result of Defendant Derry's acts and omissions, Plaintiff Townsend suffered damages, including loss of enjoyment of life, pain and suffering, emotional distress, medical expenses, attorneys' fees, and costs of suit.

96.     As a result thereof, Plaintiff Townsend, as alleged, was unjustifiably, purposefully, recklessly, and wantonly, and with deliberate indifference, exposed to the injuries and damages and harm by Defendant Derry as alleged in this complaint.

97.     The acts and omissions constituting this cause of action on the part of Defendant Derry were purposeful, malicious, and reckless and wanton so as to justify the imposition of punitive damages as to him, but not as to Defendant County.

98.     Defendant County of Los Angeles is liable for the tortious conduct of its employees, including Defendant Derry, as to state law causes of action pursuant to California Government Code § 815.2.

# XIII.

## NINTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### *(Plaintiffs as against all Defendants)*

99.     Plaintiffs hereby reallege and incorporate by this reference the allegations contained in all paragraphs above as though fully set forth herein.

100.    Defendant Derry's conduct of directly contacting Ms. Townsend at her home and by email, and providing false information to a judicial officer to obtain a search warrant for Ms. Townsend's personal social media records is outrageous and beyond the bounds of conduct that should be tolerated by civilized society.

101.    Defendant Derry's conduct was intended to cause emotional distress to Ms. Townsend, who still suffers trauma from being pulled over at gunpoint by LASD officers for a crime she did not commit and who has already been labeled as a criminal by the LASD, or at the very least was committed with recklessness as to whether it would cause emotional distress.

102.    As a direct and legal result of Defendant Derry's acts and omissions, Plaintiff Townsend suffered damages, including loss of enjoyment of life, pain and suffering, emotional distress, medical expenses, attorneys' fees, and costs of suit.

103.    As a result thereof, Plaintiff Townsend, as alleged, was unjustifiably, purposefully, recklessly, and wantonly, and with deliberate indifference, exposed to the injuries and damages and harm by Defendant Derry as alleged in this complaint.

104.    The acts and omissions constituting this cause of action on the part of Defendant Derry were purposeful, malicious, and reckless and wanton so as to justify the imposition of punitive damages as to him, but not as to Defendant County.

105.    Defendant County of Los Angeles is liable for the tortious conduct of its employees, including Defendant Derry, as to state law causes of action pursuant to California Government Code § 815.2.

///

# XIV.

## TENTH CAUSE OF ACTION

## DEFAMATION

### *(Plaintiff as against all Defendants)*

106.   Plaintiff Townsend hereby realleges and incorporates by this reference the allegations contained in all paragraphs above as though fully set forth herein.

107.   Defendant Derry's conduct of falsely accusing Plaintiff Townsend of having committed a crime to a Judge of the Superior Court of California and to Facebook employees violates her rights under the laws of the State of California.

108.   As a direct and legal result of Defendant Derry's acts and omissions, Plaintiff Townsend suffered damages, including damage to her reputation, loss of enjoyment of life, pain and suffering, emotional distress, medical expenses, attorneys' fees, and costs of suit.

109.   As a result thereof, Plaintiff Townsend, as alleged, was unjustifiably, purposefully, recklessly, and wantonly, and with deliberate indifference, exposed to the injuries and damages and harm by Defendant Derry as alleged in this complaint.

110.   The acts and omissions constituting this cause of action on the part of Defendant Derry were purposeful, malicious, and reckless and wanton so as to justify the imposition of punitive damages as to him, but not as to Defendant County.

111.   Defendant County of Los Angeles is liable for the tortious conduct of its employees, including Defendant Derry, as to state law causes of action pursuant to California Government Code § 815.2.

///

///

///

///

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each Defendant as follows:

1.     For general and compensatory damages past, present, and future, and for emotional and psychological pain and suffering, distress, and injury in an amount according to proof and in excess of this Court's jurisdiction;

2.     For punitive or exemplary damages where alleged against Defendant Derry, and not as to Defendant County, in an amount sufficient to deter and to make an example of him;

3.     For legal interest on the judgment;

4.     For reasonable attorneys' fees and litigation expenses where provided by statute;

5.     For costs of suit incurred herein; and

6.     For such other and further relief as the Court may deem just and proper.


DATED: March 9, 2021                    **HAYSBERT | MOULTRIE, LLP**


                                        By:     */s/ Nazareth M. Haysbert*
                                                Nazareth M. Haysbert, Esq.
                                                James L. Moultrie III, Esq.

                                                *Attorneys for Plaintiff*

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

3

Cherie Townsend, an individual, respectfully requests that the present matter be set for a jury trial.

4

5

DATED: March 9, 2021                    **HAYSBERT | MOULTRIE, LLP**

6

7

By:    */s/ Nazareth M. Haysbert*

8

Nazareth M. Haysbert, Esq.
James L. Moultrie III, Esq.

9

*Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT